IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOLLIE MALONE and DIDRAIL JENNINGS | § § § | |
| vs. | § § | CIVIL ACTION NO. 3:23-cv-00001 |
| BRIAN LOUIS RUSSELL; RUSSELL TRUCKING, LLC; ARRIVE LOGISTICS HOLDINGS, LLC; LUIS ALBERTO LOVO, Individually and d/b/a LOVO TRANSPORTS; ARMSTRONG TRANSPORT GROUP, LLC; NAVISTAR, INC.; and SOUTHWEST INTERNATIONAL TRUCKS, INC. | § § § § § § § § § | |

**DEFENDANT ARMSTRONG TRANSPORT GROUP, LLC'S ADOPTION OF DM TRANS, LLC D/B/A ARIVE LOGISTICS'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS <u>PURSUANT TO FEDERAL PREEMPTION UNDER 49 U.S.C. § 14501</u>**

MAY IT PLEASE THE COURT:

Defendant, Armstrong Transport Group, LLC ("Armstrong"), through undersigned counsel, respectfully submits this Memorandum to briefly explain why the Court should grant the pending Motion to Dismiss and find that all claims asserted against Armstrong, a judicially admitted freight broker, are preempted by 49 U.S.C. § 14501.

Defendant Armstrong adopts and incorporates DM Trans, LLC d/b/a Arrive Logistics' Motion to Dismiss and Brief in Support filed on January 9, 2023 (Record Doc. No. 7), as well as the rationale, factual and legal bases, arguments, authorities, and exhibits of same, to the extent they do not conflict with the rights and defenses of Armstrong, as if fully set forth herein.

The Court has already been provided substantial and comprehensive briefing on this point so Armstrong will not re-tread this ground, but will add the following brief argument to further buttress what has already been presented.

As an initial matter, Plaintiffs' allegations could not be any clear that they are seeking to hold Armstrong liable for its freight brokering activities:

> **NEGLIGENCE — DEFENDANT ARMSTRONG**
>
> 76. Upon information and belief, Defendant Armstrong acted as a broker to arrange the transportation of the goods being transported by Defendant Lovo.
>
> 77. Defendant Armstrong proximately caused the collision at issue in this case by negligently hiring Defendant Lovo.
>
> 78. The negligent acts and/or omissions of Defendant Armstrong proximately caused Plaintiffs' losses and damages set forth below.

*See* Plaintiffs' First Amended Petition at ¶¶76-78.

At the outset, Armstrong submits that the jurisprudence on this particular issue is not settled in Texas. As this Court knows, a federal court in the Western District of Texas was receptive to this idea and dismissed the plaintiff's claims whole cloth. In the Northern District of Texas, three judges disagreed with the extent of the preemption being advanced. *See Adam v. Echo Global Logistics, LLC, et al*, 2022 WL 272121 (N.D. Tex. 2022); *Gerred, et al v. FedEx Ground Packaging Sys., Inc., et al*, 2021 WL 4398033 (N.D. Tex. 2021); and *Lopez v. Amazon Logistics, Inc.*, 458 F.Supp.3d 505 (N.D. Tex. 2020). Armstrong does not run from these rulings because as this Court well knows, "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." 18 *J. Moore et al., Moore's Federal Practice* § 134.02[1] [d], p. 134–26 (3d ed.2011). As such, this Court must make an independent decision about the correct statutory

interpretation as it applies to an unambiguous statute.

Courts are divided on the issue currently before this Court: whether negligent hiring claims against brokers are preempted by the FAAAA when the alleged negligence results in personal injury or death. Armstrong does not try and hide this fact. The simple and unvarnished truth is that two lines of cases have developed around the interpretation of 49 U.S.C. § 14501(c)(1) and the guidance from *Rowe*. Some courts have found that the FAAAA does not preempt personal injury claims against freight brokers, while a growing set of courts have found the opposite. Armstrong would note that while this matter has been pending another court has issued a ruling dismissing similar claims against a freight broker on the basis of preemption. *McCarter v. Ziyar Express, Inc., et al.*, 2023 WL 144844 (N.D. Ohio, January 10, 2023). Armstrong's position is that the courts who have found that personal injury/death claims advanced against a freight broker are preempted have more faithfully adhered to Congressional intent and the analysis as laid down by *Rowe*. Armstrong could write a tome dissecting the cases that Plaintiffs will undoubtedly cite in opposition to this Motion. However, that does not move this matter further. The Court in this instance must make a decision as to which line of cases is correct.

Plaintiffs have noted that the Ninth Circuit issued the first circuit opinion dealing with FAAAA preemption in the context of personal injury claims against freight brokers. *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020). Recently, the Supreme Court chose not to grant certiorari to C.H. Robinson's appeal on that issue. This does not mean that *Miller* is now the functional law of the land. The Solicitor General of the United States implored the Supreme Court to not take the case because there was no circuit split, *i.e.*, no other Circuit Courts have had the opportunity to address this issue. On this limited basis, the Supreme Court's jurisdiction had not been triggered. This is a far cry from the Ninth Circuit's ruling governing every other state

and court that is not within the jurisdictional confines of the Ninth Circuit. The rest of the nation, including this Court, is free to make its own determination of the applicability of the FAAAA to facts such as these.

Armstrong will not run from this ruling because, if anything, it supports Armstrong's position. If this Court reviews this case, it will find that the panel *unanimously* found that personal injury claims against freight brokers are "the type of 'public utility' service that falls squarely within the scope of the FAAAA." *Id.* at 1025. The panel was then divided over whether the safety regulation exception that applies to a "motor vehicle" saved plaintiff's claims from preemption. Armstrong submits that the majority in that case got it wrong. The dissent from Judge Fernandez eloquently and concisely explains why the so-called "safety exception" is inapplicable to save personal injury claims from preemption. *Id.* at 1031-1032. Just as air carriers are distinguishable from travel agents, Judge Fernandez correctly noted that the majority's reliance on cases involving tow trucks was in error. Tow companies own the vehicles and hire the drivers. *Id.* at 1031. Again, this Court has a choice. *Miller* is from the Ninth Circuit and this matter is pending in a federal court in Texas which is not part of the Ninth Circuit and most importantly has not spoken on this subject. Armstrong submits that its requested relief is more faithful to the statutory regime.

In closing, to understand the logical disconnect of Plaintiffs' causes of action against a federally licensed freight broker, all one must do is ask themselves: Imagine if for Christmas, your spouse (the shipper) asks you (the freight broker) to ship some of their Christmas presents to a niece or nephew. You could choose to ship the gifts for your spouse via DHL, FedEx, or UPS (all federally licensed motor carriers). Let us assume that you decide to ship it with FedEx (the motor carrier) because they have a more favorable price. Let us further assume that all of the packages have been delivered except yours. While that package is on the FedEx truck on the way to be

delivered to a niece or nephew, the FedEx truck is involved in an accident and there are injuries. Would it make logical sense for the injured parties to sue you because you chose one federally licensed and approved delivery company over another? The answer would be no. This tenuous claim is not supported under the law and defies logic.

For all of the foregoing reasons, Armstrong respectfully submits that its Motion to Dismiss should be granted and all claims advanced against Armstrong should be dismissed.

> Respectfully submitted,
>
> WALTERS, BALIDO & CRAIN, L.L.P.
>
> */s/ Carlos A. Balido*
>
> _____
> CARLOS A. BALIDO
> State Bar No. 01631230
> Meadow Park Tower, Suite 1500
> 10440 North Central Expressway
> Dallas, TX 75231
> Tel: 214-749-4805
> Fax: 214-760-1670
> balidoedocsnotifications@wbclawfirm.com
> ATTORNEY FOR DEFENDANT
> ARMSTRONG TRANSPORT GROUP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

> */s/ Carlos A. Balido*
>
> _____
> CARLOS A. BALIDO