# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MOLLIE MALONE and DIDRAIL JENNINGS | § § § | |
| v. | § § | |
| BRIAN LOUIS RUSSELL, RUSSELL TRUCKING, LLC, DM TRANS, LLC d/b/a ARRIVE LOGISTICS, LUIS ALBERTO LOVO, Individually and d/b/a LOVO TRANSPORTS, ARMSTRONG TRANSPORT GROUP, LLC, NAVISTAR, INC, and SOUTHWEST INTERNATIONAL TRUCKS, INC. | § § § § § § § § § § | CIVIL ACTION NO. 3:23-CV-0001-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiffs Mollie Malone and Didrail Jennings's Motion to Remand ("Motion") [ECF No. 14]. The Court has reviewed and considered the Motion, Defendant Arrive Logistics, LLC's Response in Opposition to Plaintiffs' Motion to Remand[1] ("Response") [ECF No. 20], the arguments of counsel at the March 21, 2023, hearing on the Motion, and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I.    BACKGROUND

This case arises out of a July 19, 2022, motor vehicle crash. *See* Pls.' First Am. Pet. [ECF No. 1-11] ¶¶ 21, 25. Malone stopped on the highway due to traffic caused by a crash involving Defendant Luis Alberto Lovo. *Id.* ¶ 22-23, 70. Defendant Brian Louis Russell, an employee of Russell Trucking, was driving a tractor-trailer behind Malone on the same highway, failed to stop,

---

[1] Defendant Armstrong Transport Group, LLC ("Armstrong") also requests that the Court deny the Motion for the reasons set forth in the Response. *See* Def. Armstrong Transport Group, LLC's Mem. Concerning Suppl. Jurisdiction [ECF No. 34] 3. The Court will refer to DM Trans d/b/a Arrive Logistics, LLC ("Arrive Logistics"), and Armstrong Transport Group, LLC, collectively as "Broker Defendants" throughout this Order.

and crashed into Malone's vehicle. *Id.* ¶¶ 24-25, 43. As a result of the crash, Malone is paralyzed from the waist down. *Id.* ¶ 32. Malone and her husband, Jennings, sued multiple individuals and entities, including Broker Defendants, for their alleged roles in the crash. *See, e.g., id.* ¶¶ 50-52, 76-78. According to Plaintiffs, Arrive Logistics "acted as a broker to arrange the transportation of the goods being transported by Defendant Russell," *id.* ¶ 50, and Armstrong "acted as a broker to arrange the transportation of the goods being transported by Defendant Lovo," *id.* ¶ 76. Plaintiffs assert Texas state-law negligence and/or negligent hiring claims against Broker Defendants. *Id.* ¶¶ 50-52, 76-78.

Plaintiffs filed suit in the 192nd Judicial District Court of Dallas County, Texas. Arrive Logistics removed the case, asserting that the Court has subject-matter jurisdiction because: (1) the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14501, preempts Plaintiffs' claims; and (2) Plaintiffs' claims raise significant federal issues.[2] *See* Notice of Removal by DM Trans, LLC d/b/a Arrive Logistics [ECF No. 1] ¶¶ 6-11. Armstrong later consented to removal.[3] *See* Consent to Removal by Carlos A. Balido [ECF No. 6-1].

## II.  LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal

---

[2] In its Response, Arrive Logistics no longer argues that Plaintiffs' claims raise significant federal issues. Instead, Arrive Logistics argues only that removal was proper based on the complete preemption doctrine. Nonetheless, the Court will address both arguments below.

[3] Because the asserted bases for federal jurisdiction only apply to freight brokers, none of the other defendants have joined in the notice of removal. However, some of the defendants have requested that the Court exercise supplemental jurisdiction over the claims against them should the Court deny the Motion. *See* ECF Nos. 32, 33.

quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

### III.   ANALYSIS

#### A.   *Complete Preemption*

Broker Defendants argue that the Court has federal question jurisdiction because Section 14501 completely preempts Plaintiffs' state-law claims. Notice of Removal ¶¶ 6-8. Under the well-pleaded complaint rule, "[a] defendant cannot remove an action to federal court unless the plaintiff pleaded a federal question on the face of his complaint." *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022) (citation omitted). "The complete preemption doctrine is an exception to the well-pleaded complaint rule." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 330 (5th Cir. 2008) (citing *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008)). The complete preemption doctrine provides a basis for federal question jurisdiction if "a federal statute so completely preempts a particular area that any civil complaint raising the select group of claims is necessarily federal in character." *La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 479 (5th Cir. 2022) (cleaned up).

Here, Broker Defendants acknowledge that Plaintiffs only bring state-law claims but contend that the Court has jurisdiction because federal law completely preempts those claims. In

3

arguing that the Court should find complete preemption, Broker Defendants cite two provisions of Section 14501:

> "[N]o State or political subdivision thereof and no intrastate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker.

49 U.S.C. § 14501(b)(1).

> "[A] state, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

*Id.* § 14501(c)(1). According to Broker Defendants, each of these provisions "provide for preemption of Plaintiffs' claims." Resp. ¶ 11. Broker Defendants rely heavily on the "plain language" of each provision to argue in favor of preemption, but their arguments miss the mark because they focus on the wrong form of preemption. *Id.* ¶ 14.

Although Broker Defendants' opposition to the Motion is ostensibly based on the complete preemption doctrine, they fail to cite the Fifth Circuit's standard for complete preemption. "The Fifth Circuit has developed a stringent tripartite test to determine whether a statute is among the few falling within the complete preemption exception." *Rogers v. Am. Airlines, Inc.*, 192 F. Supp. 2d 661, 665 (N.D. Tex. 2001) (citing *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1164 (5th Cir. 1989)). First, federal law must "create[] a cause of action that both replaces and protects the analogous area of state law." *Manyweather*, 40 F.4th at 243 (citation omitted). Second, Congress must have "empowered federal courts to hear that cause of action." *Id.* Third, Congress must have "clearly intended that grant of jurisdiction to be exclusive." *Id.* "Once those conditions are met, the party invoking federal jurisdiction must show that the plaintiff 'could have brought his state-law claims under th[at] federal cause of action.'" *Id.* (alteration in original). This analysis is

4

"required under [the Fifth Circuit's] precedents." *Bellfort Enters. Inc. v. PetroTex Fuels Inc.*, 339 F. App'x 416, 418 (5th Cir. 2009).

Broker Defendants confuse complete preemption with ordinary preemption.[4] This error is significant because "complete preemption is less common and more extraordinary than defensive or ordinary preemption." *Barrois*, 533 F.3d at 331 (citation omitted); *see also Meade v. Avant of Colo., LLC*, 307 F. Supp. 3d 1134, 1140 (D. Colo. 2018) ("The doctrine of complete preemption should not be confused with ordinary preemption, which occurs when there is the defense of 'express preemption,' 'conflict preemption,' or 'field preemption' to state law claims."). Unlike complete preemption, "[d]efensive preemption does not create federal jurisdiction and simply declares the primacy of federal law, regardless of the forum or the claim." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (internal quotation marks and citation omitted). The ordinary preemption analysis asks "the more common question of whether a given federal law preempts a conflicting state cause of action." *Rogers*, 192 F. Supp. 2d at 665. By contrast, "[t]he complete preemption doctrine applies only when Congress intends not merely to preempt a field in state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts." *Id.* at 671 (citation omitted). "Complete preemption is rare," and the Supreme Court has only found complete preemption three times. *Woodard-Hall v. STP Nuclear Operating Co.*, 473 F. Supp. 3d 740, 747 (S.D. Tex. 2020) (citation omitted); *see also Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 510 (N.D. Tex. 2020) (setting forth contexts in which Supreme Court has found complete preemption).

---

[4] There are three categories of ordinary preemption: (1) express, (2) field, and (3) conflict. *See Washington v. Fred's Stores of Tenn., Inc.*, 427 F. Supp. 2d 725, 728 (S.D. Miss. 2006) (citation omitted). Broker Defendants' arguments primarily go to the issue of express preemption.

Broker Defendants' misunderstanding of the difference between complete and ordinary preemption is evident in the cases they cite, many of which do not contain the Fifth Circuit's complete preemption standard. For example, Broker Defendants rely on *Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020). But as other district courts have noted, the *Gillum* court did not undertake the Fifth Circuit's complete preemption analysis and instead appeared to evaluate ordinary preemption. *See, e.g., Moyer v. Simbad LLC*, No. 2:20-CV-5405, 2021 WL 1215818, at *6 (S.D. Ohio Jan. 12, 2021) (citation omitted), *report and recommendation adopted by* 2021 WL 1209469 (S.D. Ohio Mar. 31, 2021). Other cases cited by Broker Defendants explicitly involve only ordinary preemption. *See, e.g., Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1272 (11th Cir. 2023) (dismissing the plaintiff's claims as "barred by [Section 14501's] express preemption provision"); *McCarter v. Ziyar Express, Inc.*, No. 3:21-CV-2390, 2023 WL 144844, at *1-2 (N.D. Ohio Jan. 10, 2023) (conducting ordinary preemption analysis at motion to dismiss stage where jurisdiction was not disputed); *Ga. Nut Co. v. C.H. Robinson Co.*, No. 17-C-3018, 2017 WL 4864857, at *2 (N.D. Ill. Oct. 26, 2017) (analyzing the defendant's argument that Section 14501 "expressly preempts [the plaintiff's] negligent hiring and negligent supervision claim"). Because "[o]nly complete preemption would give this Court federal question jurisdiction over [Plaintiffs'] claim[s]," Broker Defendants' "arguments applying the [ordinary] preemption standard are erroneous." *Caulley v. Interprise/Sw. Interior & Space Design, Inc.*, No. 3:20-CV-03077-X, 2021 WL 2376720, at *2 (N.D. Tex. June 10, 2021).

For this reason alone, Broker Defendants have not carried their burden to justify removal. Even if the Court conducted the complete preemption analysis, however, Broker Defendants' argument would fail at the first step. As noted above, for a federal statute to completely preempt a

state-law cause of action, the federal law must "create[] a cause of action that both replaces and protects the analogous area of state law." *Manyweather*, 40 F.4th at 243 (citation omitted). But "[Section] 14501 doesn't contain *any* cause of action." *Gulf Winds Int'l Inc. v. Almanzar*, No. 4:20-CV-04136, 2021 WL 4481340, at *4 (S.D. Tex. Sept. 29, 2021); *see also M, G, & B Servs., Inc. v. Buras*, No. 04-1512, 04-1509, 2004 WL 1872718, at *4 (E.D. La. Aug. 19, 2004) ("[Section 14501] does not contain a civil enforcement provision that creates a private cause of action. . . . Without a civil enforcement provision, [Section 14501] cannot completely preempt [the plaintiff's] state law claims."); *Lyles v. Wren*, No. 2:23-CV-00051-JM, 2023 WL 3318695, at *4 (E.D. Ark. May 9, 2023) (finding that "the absence of" a replacement cause of action for negligence claims in Section 14501 "creates an exceptionally strong presumption against complete preemption" (internal quotation marks omitted)). "The absence of a federal remedy makes it difficult to conclude that Congress intended to displace state law." *Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d 683, 686 (5th Cir. 2001) (citation omitted) (affirming district court's dismissal for lack of subject-matter jurisdiction because the federal statute at issue did not completely displace state-law remedies).

In sum, Broker Defendants did not provide the Court with the correct standard by which to evaluate its jurisdiction. And even if they had, the Court concludes that Section 14501 is not one of the rare statutes that completely preempts state law. "Fortifying the Court's conclusion is the jurisdictional standard," which requires the Court to resolve all doubts in favor of remand. *Gerred v. FedEx Ground Packaging Sys., Inc.*, No. 4:21-CV-1026-P, 2021 WL 4398033, at *3 (N.D. Tex. Sept. 23, 2021) (citations omitted) (holding that Section 14501 did not completely preempt the plaintiff's state-law claims and remanding case). In reaching this conclusion, the Court expresses no opinion on the merits of Broker Defendants' ordinary preemption arguments, which are more

properly asserted in state court in support of a defense to Plaintiffs' claims. *See White v. Scotty's Contracting & Stone, LLC*, No. 1:21-CV-00161-GNS, 2022 WL 4588417, at *9 (W.D. Ky. Sept. 29, 2022). In other words, Plaintiffs' claims implicate Section 14501 only to the extent that Broker Defendants are likely to rely on it as a defense to Plaintiffs' claims, and "the assertion of a defense of federal preemption of state law is insufficient to invoke federal-question jurisdiction." *Beers v. N. Am. Van Lines, Inc.*, 836 F.2d 910, 913 (5th Cir. 1988) (citations omitted), *overruled on other grounds by Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). As such, the Court lacks subject-matter jurisdiction over this case.

## B. *Significant Federal Issue*

For largely the same reasons, the Court holds that Plaintiffs' claims also are not removable on the ground that the claims raise a significant federal issue. "[E]ven when a state court petition pleads only state law causes of action," a federal court has jurisdiction "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022) (citation omitted). "The category of cases that satisfy these requirements is 'special and small.'" *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (quoting *Bd. Of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir. 2017)).

Broker Defendants argue that Plaintiffs' claims raise a significant federal issue because their right to relief necessarily depends on the resolution of a substantial question of federal law, their allegations represent a dispute as to the effect and breadth of federal law concerning freight brokers, and their argument that state law applies to their claims will impact freight brokers' selection of federally licensed motor carriers. Notice of Removal ¶ 11. All of these arguments go back to whether Section 14501 expressly preempts Plaintiffs' claims, which, as stated above, is a

8

defense to Plaintiffs' claims. Broker Defendants' "affirmative defense of [preemption] belongs in a responsive pleading, which cannot itself support federal jurisdiction." *Box*, 33 F.4th at 202. "That is true even for federal defenses that are 'inevitable.'" *Id.* (citation omitted); *see also Mitchell*, 28 F.4th at 588-89 (holding that the plaintiff's claims did not raise a significant federal issue where preemption was raised as a defense because the federal issues "are neither raised nor disputed on the face of the complaint"); *Lyles*, 2023 WL 3318695, at *4 (concluding that the plaintiff's claims did not raise a significant federal issue and rejecting arguments nearly identical to those asserted in the instant case).

### IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand [ECF No. 14]. This case is **REMANDED** to the 192nd Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED June 6, 2023.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**